Curia, per

Richardson, J.
The policy of insurance was made by the Augusta Insurance and Banking Company, to the Commercial Bank, (mortgagees,) on two houses of Levi Sherman, the plaintiff; the premium of sixty dollars was paid out of the money of the plaintiff. There can be no doubt that the policy insured the two bouses against fire, for the security both of the plaintiff and the bank. In the language of the policy, they were the insured. After the purchase of one of the houses byBr. Fair, he stood in the place of both the bank and of Levi Sherman, as to that house; but both by well established decisions, (see Fire Insurance Company vs. Tyler, 16 Wend. 385, and Lynch vs. Dayrell,) and by the condition expressed in the policy, that instrument is not assignable, unless by the consent of the underwriters. The following endorsement was, therefore, made upon the policy by the agent of the underwriters ; (see 3 Stephens’s Nisi Prius, page 2087, and the cases collected,) “So much of the within insurance as relates to the two story frame and shingle residence occupied by L. Sherman, situated corner of Plain and Walnut streets, is this day transferred to Dr. Samuel Fair, who has become the purchaser of said property. W. W. Eaton, agent. Columbia, December 15th, 1842.” This indorsement was made with the consent of the bank, and the only question made by the appeal is then presented. Does such indorsement assign and transfer to Dr. Fair such an interest and right in law to recover of the under-writers, as before his purchase belonged to Levi Sherman and the Com *649 mercial Batik 1 I cannot, perceive any reason for doubt; as before the purchase by Dr. Fair, the Commercial Bank held the policy for the insured, that is, for the bank itself, as mortgagee, and for Levi Sherman, as owner of the two houses; so, after the sale to Dr. Fair, and the acceptance of the underwriters, by their agent, of the assignment and interest of Dr. Fair, he became one of the insured, by the acknowledgment of the under-writers, who were, alone interested in the risk they continued to take upon themselves in virtue of the original premium ; and no formal assignment by the bank or Levi Sherman is, I apprehend, either customary or essential. The assignment, to use that term, is of the right to recover, in case of loss, against the under-writers, and this is effected by their placing Dr. Fair’s newly acquired interest in the house purchased, within the policy of insurance. The effect is precisely as if Fair had paid his own premium, and taken out his own policy. The proper question on the merits of the case was decided on the circuit, i. e. that Dr. Fair was bound now to pay it back to Sherman.
'i he motion is, therefore, dismissed.
Wardlaw and Frost, JJV] Upon the grounds of appeal which have been presented, we concur in the result.